UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURENCE M. SMYTHE,          )
                             )
            Plaintiff,       )
                             )
      v.                     )     No. 4:05CV1471 FRB
                             )
JOHN E. POTTER, Postmaster   )
General, United States Postal)
Service,                     )
                             )
            Defendant.       )

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant's Partial Motion to Dismiss (filed April 28, 2006/Docket No. 14). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Laurence M. Smythe brings this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., alleging that his employer, the United States Postal Service, unlawfully discriminated against him in his employment on account of his age, gender, race, veteran status, and disability; and ultimately terminated him from his employment in retaliation for engaging in protected activity. Defendant now moves for partial dismissal of plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

claim. Plaintiff has responded to the motion to which defendant has replied.

I. <u>Rule 12(b)(1) – Subject Matter Jurisdiction</u>

In his motion, defendant contends that this Court lacks subject matter jurisdiction over those claims raised by plaintiff in the instant Complaint which were either a) not properly exhausted through the administrative process and/or b) untimely filed in federal court. Defendant seeks to dismiss such claims under Fed. R. Civ. P. 12(b)(1). For the following reasons, defendant's argument is without merit.

Since the Supreme Court's decision in <u>Zipes v. TWA, Inc.</u>, 455 U.S. 385 (1982), it has been well established that the failure of a plaintiff to exhaust administrative remedies on claims of employment discrimination does not deprive the federal court of subject matter jurisdiction over the claims. <u>Zipes</u>, 455 U.S. at 393; <u>Coons v. Mineta</u>, 410 F.3d 1036, 1040 (8th Cir. 2005); <u>Ballard v. Rubin</u>, 284 F.3d 957, 964 n.6 (8th Cir. 2002). While administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer, <u>Ballard</u>, 284 F.3d at 964 n.6, such exhaustion "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." <u>Zipes</u>, 455 U.S. at 393. "Under <u>Zipes</u> a federal employment lawsuit may be subject to

dismissal if the administrative deadline is not met, *but it is not because jurisdiction is lacking.*" Coons, 410 F.3d at 1040 (emphasis added). It would therefore be improper for this Court to dismiss plaintiff's claims of employment discrimination for lack of jurisdiction on the basis that the plaintiff failed to exhaust administrative remedies. Id.

Likewise, the failure to timely bring a civil action in federal court alleging employment discrimination does not deprive the court of subject matter jurisdiction. Hill v. John Chezik Imports, 869 F.2d 1122, 1123-24 (8th Cir. 1989). In Hill, the Eighth Circuit applied the reasoning articulated by the Supreme Court in Zipes and explicitly held that "the ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal court and is . . . subject to equitable tolling in appropriate circumstances." Hill, 869 F.2d at 1124. As with the case of a plaintiff's failure to exhaust administrative remedies, the undersigned determines it improper to dismiss employment discrimination claims for lack of jurisdiction on the basis that the claims were untimely filed in federal court. Cf. Coons, 410 F.3d at 1040.

Here, to the extent defendant contends that this Court lacks subject matter jurisdiction, defendant argues only that jurisdiction is lacking due to plaintiff's failure to properly exhaust and/or to timely bring the claims in a civil action.

Because this argument is flawed, defendant's Partial Motion to Dismiss on this basis should be denied.  Further, a motion brought pursuant to Rule 12(b)(1) may not be converted to one for summary judgment given the differing legal standards the Court must apply to each and the differing burdens of the parties.  See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990); see also Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 744 (8th Cir. 2001) (plaintiff entitled to every reasonable inference under summary judgment standard).  Accordingly, to the extent defendant argues as an affirmative defense that plaintiff's claims are barred due to his failure to properly exhaust his administrative remedies or by his failure to timely file a civil action, the undersigned determines such arguments to be more properly raised by way of a motion for summary judgment so that each party is provided the opportunity to properly address and brief the nature of the issues raised using the appropriate summary judgment standard.

II.  Rule 12(b)(6) – Failure to State a Claim

In Count I of his Complaint, plaintiff alleges that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, et seq., by unlawfully discriminating against him in his employment on account of his age, gender, disability, race, and veteran status; and by retaliating against him for engaging in protected activity.  In Count II, plaintiff claims that defendant violated the Americans with Disabilities Act, 42 U.S.C.

§§ 12101, et seq., by discriminating against him on account of his disability and denying him reasonable accommodation therefor. In the instant Partial Motion to Dismiss, defendant argues that plaintiff's claims of age, disability and veteran discrimination fail to state a claim upon which relief may be granted and thus should be dismissed under Fed. R. Civ. P. 12(b)(6). For the following reasons, defendant's argument is well taken.

Title VII prohibits discrimination in employment on the basis of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Neither age, disability, nor veteran status provide a basis upon which an aggrieved employee may obtain relief under Title VII. See Taylor v. Brown, 928 F. Supp. 568, 573 (D. Md. 1995) (claim of age discrimination not cognizable under Title VII); Thomas v. Northern Telecom, Inc., 157 F. Supp. 2d 627, 633 (M.D.N.C. 2000) (Title VII does not prohibit discrimination based on disability); Morris-Hayes v. Board of Educ. of the Chester Union Free Sch. Dist., 423 F.3d 153, 160-61 (2d Cir. 2005) (remedy to vindicate service-members' statutory rights provided under Uniformed Services Employment and Reemployment Rights Act (USERRA)); 38 U.S.C. § 4324 (federal employee's complaint against federal executive agency alleging veteran discrimination to be brought under USERRA to Merit Systems Protection Board). Because plaintiff cannot obtain relief under Title VII for his claims of age, disability and veteran

discrimination, such claims should be dismissed under Rule 12(b)(6) for failure to state a claim.

Likewise, as a federal employee, plaintiff is unable to obtain relief under the ADA against the United States on his claim of disability discrimination. See 42 U.S.C. § 12111(5)(B)(i) (defining employers under the ADA, and excluding the United States or a corporation wholly owned by the United States government as a covered employer); Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 11 n.1 (1st Cir. 2004) (the ADA is not available to federal employees); Jordan v. Evans, 404 F. Supp. 2d 28, 30 (D.D.C. 2005) (federal employee has no remedy for employment discrimination under the ADA). Because plaintiff cannot obtain relief under the ADA for his claim of disability discrimination in his federal employment, such claim should be dismissed under Rule 12(b)(6) for failure to state a claim.[1]

To the extent defendant argues that plaintiff's allegations relating to a Postal Inspection Service investigation should be dismissed for failure to state a claim, the undersigned determines such contention to be more appropriately considered on

---

[1] In consideration of the instant motion, the undersigned is mindful that plaintiff is represented by counsel in these proceedings. As such, plaintiff's Complaint, drafted by counsel, is not entitled to the liberal construction generally accorded pro se pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also, e.g., Fray v. Schuetzle, 78 F.3d 359, 361 n.2 (8th Cir. 1996) (mindful that petition was prepared by counsel, court believes it should adjudicate only those claims upon which relief was actually sought).

a motion for summary judgment inasmuch as it appears that matters outside the pleadings must be considered for this Court to resolve the issue raised.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Partial Motion to Dismiss (Docket No. 14) is granted to the extent it seeks to dismiss plaintiff's claims of age, disability and veteran discrimination under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that in all other respects, defendant's Partial Motion to Dismiss (Docket No. 14) is denied.

**IT IS FURTHER ORDERED** that plaintiff's claims of age, disability and veteran discrimination, pursued in this cause under Title VII and the ADA, are dismissed without prejudice.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _11th_ day of October, 2006.